**08 CV 7600**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NATIONAL ECONOMIC RESEARCH
ASSOCIATES, INC.,

           Plaintiff,

    -against-

PUROLITE "C" CORPORATION d/b/a THE
PUROLITE COMPANY,

           Defendant.
------------------------------------x

Civil Action No.: 08 Civ 7600 (Lynch)

**COMPLAINT**



RECEIVED AUG 28 2008 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, National Economic Research Associates, Inc., by its undersigned attorneys, Seyfarth Shaw LLP, alleges as its Complaint the following:

### THE PARTIES

    1.    Plaintiff National Economic Research Associates, Inc. ("NERA") is a corporation organized and existing under the laws of California, with its principal place of business at 1166 Avenue of the Americas, New York, New York. NERA is a professional service firm of consulting economists that provides, among other things, testifying and non-testifying expert services in the field of industrial and financial economics, including, but not limited to, issues arising from competition, regulation, and public policy for litigation and non-litigation matters.

    2.    Upon information and belief, defendant Purolite "C" Corporation d/b/a the Purolite Company ("Purolite" or "Defendant") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 150 Monument Road, Bala Cynwyd, Pennsylvania, 19004. According to its website, http://www.purolite.com, Purolite manufacturers resin for use in the "food & beverage, hydrometallurgical, metals finishing,

chemical & petrochemical, pharmaceutical, sugar & sweeteners, potable water, defense, nuclear, softening & industrial water, semiconductor, power, waste water & effluent treatment and a host of other industries." Purolite sells and distributes its products worldwide, including in this District.

## JURISDICTION AND VENUE

3. Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1332 and 1367. The amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(1), (a)(2), (b)(2), and (c)(2) in that defendant is subject to jurisdiction in this judicial district and because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## FACTUAL BACKGROUND

5. On or about May 18, 2005, Purolite commenced an action entitled <u>Bro-Tech Corp. t/a The Purolite Company v. Thermax, Inc.</u>, 05-CIV-2330, in the United States District Court for the Eastern District of Pennsylvania (the "Action"), against Thermax Inc. d/b/a ThermaxUSA Ltd. ("Thermax").

6. The Action was based upon the alleged theft of confidential information and trade secrets by several of Purolite's former employees and their new employer, Thermax. Purolite asserted claims for breach of contract, breach of fiduciary duty, trade-secret misappropriation, and other related claims, as well as violation of the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. § 1030 (2000) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (2000).

NY1 26524662.3

7. In or about April 2007, Purolite retained NERA as a consulting expert to assist Purolite's counsel in prosecuting the Action. In connection with its engagement by Purolite, NERA was asked to research and report in the Action on the issue of the uses and economic value of secretive processes that Purolite used to manufacture ion-exchange resins. The terms of the engagement were memorialized in a letter agreement (the "Agreement") from Purolite's counsel, dated April 30, 2007.

8. Pursuant to the terms of engagement by Purolite, as reflected in the Agreement, during the period from April 24, 2007 through June 18, 2007, NERA performed the following services for Purolite at Purolite's request: (i) researched the technologies at issue in the Action, as well as the resin industry; (ii) reviewed documents produced in the Action related to the trade secrets at issue therein, including transcripts of deposition testimony; (iii) reviewed legal documents and provided economic consulting related to that content.; and (iv) prepared a report as to the damages calculations supported by the evidence. During this period, NERA also participated in numerous telephone calls and attended meetingS with Purolite's counsel to discuss the results and scope of NERA's work as well as other issues with respect to the Action. The great majority of the foregoing work, including the telephone calls and meetings, occurred in the Southern District of New York.

9. NERA delivered to Purolite, invoices dated June 20, 2007 and June 26, 2007 (collectively the "Invoices"), for the non-testifying expert services NERA performed pursuant to the terms of its engagement by Purolite during period from April 24, 2007 through June 18, 2007. Copies of the Invoices in the total amount of $101,885.77 are annexed hereto as Exhibit A.

10. Purolite accepted and retained those statement of account and did not timely object to the amounts stated as due and owing pursuant to the Invoices for the fees NERA earned pursuant to the parties' agreement.

11. Despite repeated demands, Purolite has failed and refused to pay to NERA the outstanding fees for the non-testifying expert research services NERA performed for Purolite pursuant to the parties' agreement, in the total amount of $101,885.77.

## COUNT I
(Breach of Contract)

12. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 11 of this Complaint with the same force and effect as if fully set forth herein at length.

13. Pursuant to the terms of the parties' valid and enforceable agreement, NERA agreed to perform non-testifying expert research services for Purolite in connection with the Action. Purolite, through its counsel, agreed to compensate NERA for the services it provided to Purolite in accordance with NERA's usual and customary hourly rate.

14. NERA fully complied with its obligations under the parties' agreement and has performed all of the non-testifying expert research services Purolite requested.

15. Despite repeated and due demand, Purolite has failed and refused to pay NERA the sum of $101,885.77 for the professional services NERA provided to Purolite in connection with the Action and pursuant to the parties' agreement.

16. By reason of the foregoing, Purolite has breached its contract with NERA, and NERA has been damaged in an amount to be determined at trial, but not less than $101,885.77.

4

## COUNT II
(Quantum Meruit)

17. Plaintiff repeats and realleges each and every allegation of paragraph 1 through 16 of this Complaint, with the same force and effect as if fully set forth herein.

18. Defendant requested NERA to perform non-testifying expert research services in connection with defendant's prosecution of the Action, and Defendant accepted the fruits of those services.

19. Even if the parties do not have a valid and enforceable contract, Defendant should be obligated to pay NERA for the fair and reasonable value of such services.

20. The fair and reasonable value of the services NERA performed for Purolite is $101,885.77, none of which has been paid despite due demand.

21. Accordingly, Plaintiff has been damaged in the amount of $252,018.53, together with interest thereon.

## COUNT III
(Account Stated)

22. Plaintiff repeats and realleges each and every allegation of paragraph 1 through 21 of this Complaint with the same force and effect as if fully set forth herein at length.

23. The Invoices were sent, and accounts were stated between Plaintiff and Defendant for the work, labor and services rendered by Plaintiff to Defendant in connection with the Action.

24. The Invoices were accepted and retained by Defendant without timely objection.

NY1 26524662.3

25. Upon such accounts stated it was and is found that there was and is now due and owing from defendant to plaintiff the sum of $101,885.77.

26. By reason of the foregoing, accounts have been stated between Plaintiff and Defendant, and Plaintiff is entitled to judgment against defendant for $101,885.77, together with interest thereon.

WHEREFORE, plaintiff respectfully prays for judgment as follows:

A. On the First Count, compensatory damages in the amount of $101,885.77, together with interest thereon;

B. On the Second Count, compensatory damages in the amount of $101,885.77, together with interest thereon;

C. On the Third Count, compensatory damages in the amount of $101,885.77, together with interest thereon; and

D. And with respect to all causes of actions, awarding plaintiff's costs, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 27, 2008

SEYFARTH SHAW LLP

By: _____
Donald R. Dunn, Jr., Esq. (DD-0069)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
email: ddunn@seyfarth.com

Jonathan P. Wolfert (JW-9899)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
email: jwolfert@seyfarth.com

Attorneys for Plaintiff NERA