UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL ECONOMIC RESEARCH
ASSOCIATES, INC.,

Plaintiff,

- against -

PUROLITE "C" CORPORATION d/b/a THE
PUROLITE COMPANY,

Defendant.

**ECF CASE**

**ORDER**

08 Civ. 7600 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff National Economic Research Associates, Inc. ("NERA") alleges that in

April 2007, it contracted with Defendant Purolite "C" Corporation ("Purolite") to provide certain

expert witness services in connection with a trade secret action pending in the Eastern District of

Pennsylvania. (Cmplt. ¶¶ 5-8) NERA further alleges that it provided and billed Purolite for

those services, but that Purolite improperly refused to pay, in violation of the parties' agreement.

(Id. at ¶¶ 9-11) The Complaint sets forth claims for breach of contract, quantum meruit, and

account stated. On March 10, 2011, this Court granted NERA summary judgment on its account

stated claim.[1]

NERA has moved for an order (1) permitting it to amend the Complaint to

withdraw its breach of contract and quantum meruit claims without prejudice; and (2) directing

the entry of final judgment in favor of NERA on its account stated claim in the amount of

$101,885.77, with pre-judgment interest in the amount of $34, 847.39 through June 1, 2011, plus

an additional $25.12 a day until judgment is entered. (July 11, 2011 Pltf. Ltr. at 2-3) Purolite

---

[1] The Court presumes familiarity with the underlying facts, which are set forth in this Court's
March 10, 2011 Memorandum Opinion and Order. (Dkt. No. 37)

objects to the dismissal of NERA's breach of contract and quantum meruit claims without

prejudice and further objects to any award for pre-judgment interest. (July 11, 2011 Def. Ltr.))

        As discussed below, this Court has concluded that entry of judgment as to the

account stated claim and dismissal of the remaining claims without prejudice is not permissible

absent Defendant's consent. Accordingly, in accordance with NERA's request (July 11, 2011

Pltf. Ltr. at 3), its breach of contract and quantum meruit claims will be dismissed with prejudice.

The Clerk of the Court will be directed to enter judgment for NERA on its account stated claim

in the amounts it requests.

## BACKGROUND

        During a May 9, 2011 telephone conference in this matter, defense counsel

indicated that Purolite might appeal this Court's March 10, 2011 Order granting summary

judgment to NERA on its account stated claim. The parties then agreed to enter into a stipulation

of discontinuance as to NERA's two remaining claims for breach of contract and quantum

meruit, thus permitting this Court to enter a final judgment.

        The parties were not able to reach agreement on an appropriate stipulation,

however, because of "plaintiff's counsel's insistence on the inclusion of pre-judgment interest."

(June 1, 2011 Def. Ltr. at 2) Purolite asserted that an award of pre-judgment interest is not

appropriate on the account stated claim because "Plaintiff failed to request interest in its motion

for summary judgment, and the court did not include interest in its Order." (June 1, 2011 Def.

Ltr. at 2) Purolite "request[ed] that this matter proceed to trial on plaintiff's two remaining claim

(contract and quantum meruit), and that no judgment be entered [o]n this court's summary

judgment order, pending the trial." (June 1, 2011 Def. Ltr. at 1)  At that time, trial was

scheduled to commence on June 28, 2011.[2]

              After the Court advised NERA during a June 28, 2011 conference that Fed. R.

Civ. P. 54(b) did not permit it to enter a partial judgment as to the account stated claim (July 20,

2011 Tr. 2-3), NERA argued that it should be permitted "to amend its Complaint to withdraw its

breach of contract and [quantum meruit] claims without prejudice," and that judgment should

then be entered for NERA on its account stated claim. (July 11, 2011 Pltf. Ltr. at 3)  However,

NERA stated that if the Court denied its request, it "consents to amending its complaint to

withdraw its claims for breach of contract and quantum meruit with prejudice."  (Id.)

## DISCUSSION

## I.     PLAINTIFF IS NOT ENTITLED TO WITHDRAW ITS BREACH OF CONTRACT AND QUANTUM MERUIT CLAIMS WITHOUT PREJUDICE ON THE EVE OF TRIAL

              Fed. R. Civ. P. 15(a) governs amendments to pleadings.  Where, as here, a party

seeks to amend its pleading on the eve of trial, either "the opposing party's written consent or the

court's leave" is required. Rule 15(a) provides that "[t]he court should freely give leave when

justice so requires." Fed. R.Civ. P. 15(a).  Here, because Purolite objected to NERA's request to

amend, the Complaint could be amended only with the Court's permission.

              Granting NERA leave to amend is not appropriate here, because the amendment

is requested merely to avoid the effect of Fed. R. Civ. P. 54(b) and would frustrate the Second

Circuit's policy against piecemeal appeals.

              Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

---

[2] Trial was later adjourned to July 26, 2011.  (July 22, 2011 Def. Ltr. at 2)

Judgment on Multiple Claims or Involving Multiple Parties.

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"Certification of a final partial judgment under Rule 54(b) is appropriate where:

(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally decided within the meaning of 28 U.S.C. § 1291; and (3) there is an express determination by the district court that there is no just reason for delay and that the clerk should enter judgment." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 727 F. Supp. 2d 256, 283 (S.D.N.Y. 2010) (citing In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001, 490 F.3d 99, 108-09 (2d Cir. 2007); Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992); Take-Two Interactive Software, Inc. v. Brant, No. 06 Civ. 5279, 2010 WL 882987, at *1-2, 2010 U.S. Dist. LEXIS 22367, at *5-6 (S.D.N.Y. Mar. 5, 2010)). "While '[f]actors (1) and (2) address the issue of whether rule 54(b) applies at all to the circumstances of the case,' factor (3) 'is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration.'" Aristocrat Leisure Ltd., 727 F. Supp. 2d at 283 (citing Ginett, 962 F.2d at 1091-92 (citations and internal quotation marks omitted); In re Air Crash, 490 F.3d at 109)); In re Morgan Stanley Mortgage Pass-Through Certifications Litig., No. 09 Civ. 2137(LTS)(MHD), 2010 WL 4910229, at *1 (S.D.N.Y. Nov. 22, 2010) ("The decision to direct entry of judgment under Rule 54(b) 'is left to the sound judicial discretion of

4

the district court and is to be exercised in the interest of sound judicial administration.'" (quoting

Ginett, 962 F.2d at 1092)).

"[A] district court should use the power granted by 54(b) 'sparingly' in light of

the policy against piecemeal appeals." Aristocrat Leisure Ltd., 727 F. Supp. 2d at 284 (quoting

U.S. v. B.C.F. Oil Refining Inc., No. CV-05-0562 (CPS), 2007 WL 81933, at *3 (citing Ginett,

962 F.2d at 1093); In re Morgan Stanley Mortgage Pass-Through Certifications Litig., 2010 WL

4910229, at *1 ("The decision whether to direct the entry of a partial final judgment in advance

of the final adjudication of all of the claims in a suit must be made in light of the goal of judicial

economy as served by the 'historic federal policy against piecemeal appeals.'" (citing Curtiss-

Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co v.

Mackey, 351 U.S. 427, 438 (1956))).

The Second Circuit has noted that:

> Not all final judgments on individual claims should be immediately appealable,
> even if they are in some sense separable from the remaining unresolved claims
> . . . . It is left to the sound judicial discretion of the district court to determine the
> "appropriate time" when each final decision in a multiple claims action is ready
> for appeal. . . . This discretion is to be exercised "in the interest of sound judicial
> administration."
>
> . . . .
>
> Thus, in deciding whether there are no just reasons to delay the appeal of
> individual final judgments . . . a district court must take into account judicial
> administrative interests as well as the equities involved. Consideration of the
> former is necessary to assure that application of the Rule effectively "preserves
> the historic federal policy against piecemeal appeals. " . . . . It [i]s therefore proper
> for the District Judge . . . to consider such factors as whether the claims under
> review [a]re separable from the others remaining to be adjudicated and whether
> the nature of the claims already determined [i]s such that no appellate court would
> have to decide the same issues more than once even if there were subsequent
> appeals.

Novick v. AXA Network, LLC,642 F.3d 304, 310-11 (2d Cir. 2011) (quoting Curtiss–Wright,

446 U.S. at 8) (emphasis and alterations added by Novick).

Where a district court has resolved some but not all claims in an action, it generally should not certify its judgment as final under Rule 54(b) "if the same or closely related issues remain to be litigated," Nat'l Bank of Washington v. Dolgov, 853 F.2d 57, 58 (2d Cir. 1988) (per curiam) (internal quotation marks omitted), unless it can demonstrate "that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered . . . will cause unusual hardship or work an injustice." Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992).

Accordingly, Rule 54(b) orders "should be used only in the infrequent harsh case" where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal," see Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978) (internal quotation marks omitted) (dismissing appeal where stated reasons for certification were inadequate); see also Cullen v. Margiotta, 618 F.2d 226, 228 (1980) (per curiam); In re Morgan Stanley Mortgage Pass-Through Certifications Litig., 2010 WL 4910229, at *1 ("A court should use its discretion to enter a Rule 54(b) final judgment 'only in the infrequent harsh case . . . where there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal.'" (quoting Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 129 (2d Cir. 2000) (internal quotations and citations omitted)).

After the Court advised NERA that entry of partial judgment was not appropriate here – given that the breach of contract and quantum meruit claims arose from the same facts as the account stated claim – NERA requested that the Court permit it to withdraw its breach of contract and quantum meruit claims without prejudice. NERA cited no law that supported its

request.[3]  Given that the request for permission to withdraw these claims without prejudice was

made on the eve of trial – and after Defendant had incurred substantial legal fees in preparing for

trial (July 22, 2011 Def. Ltr. at 2) – and given that granting the request would frustrate the

Second Circuit's well established policy against piecemeal appeals, NERA's  request that the

Court dismiss its breach of contract and quantum meruit claims without prejudice will be

denied.[4]

                Consistent with NERA's request in its July 11, 2011 letter, its breach of contract

and quantum meruit claims will be dismissed with prejudice. (July 11, 2011 Pltf. Ltr. at 3)

## II.    PLAINTIFF IS ENTITLED TO PRE-JUDGMENT INTEREST

                Purolite contends that "actions for an account stated are . . . equitable . . . and an

award of pre-judgment interest . . . is at the Court's discretion." (June 1, 2011 Def. Ltr. at 2

(citations omitted))  NERA argues, however, that "'[a]n account stated claim is, in essence, a

breach of contract claim . . . subject to New York Civil Practice Law and Rules [] § 5001, which

mandates that prejudgment interest be recovered and fixes the rate of interest.'" (June 1, 2011

---

[3] NERA relies on D'Alto v. Dahon Cal., Inc., 100 F.3d 281 (2d Cir. 1996), Kwan v. Schlein, 634 F.3d 224 (2d Cir. 2011), Camilli v. Grimes, 436 F.3d 120 (2d Cir. 2006), and Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990). See July 20, 2011 Tr. 5-7). None of these cases is on point. D'Alto involves a request to dismiss an action in federal court with leave to re-file in state court – not a request to preserve claims arising from the same facts. Kwan involves the dismissal of counterclaims without prejudice. The Second Circuit found that the dismissal without prejudice was appropriate because defendants "made it clear to the district court that their counterclaims were simply asserted defensively." Kwan, 634 F.3d at 231. In Camilli, the plaintiff was not "given unfettered opportunity to renew her claims against [the defendant]. She [could] reassert her claims only in defense of any related suit that [defendant] might bring against her." Camilli, 436 F.3d at 123. Finally, in Zagano, the Circuit upheld the district court's refusal to grant voluntary dismissal of an action where plaintiff made her request ten days before trial.  None of these cases demonstrates that it was proper for this Court – on the eve of trial and after defendant had incurred significant expense – to permit NERA to withdraw its claims without prejudice.
[4] If this Court granted NERA's request, and this Court's summary judgment decision on NERA's account stated claim is reversed, it is likely that NERA would re-file its breach of contract and quantum meruit claims, leading to a second round of litigation and appeals on the same facts.

Pltf. Ltr. at 2 (quoting Lavely v. Redheads, Inc., No. 03 Civ. 7752(RMB)(KNF), 2007 WL

5267679, at *6 (S.D.N.Y. Oct. 12, 2007)).

     **A.**      **Applicable Law**

           "An account stated claim is, in essence, a breach of contract claim. A judgment

for damages on such a claim is subject to New York Civil Practice Law and Rules ('CPLR') §

5001, which mandates that prejudgment interest be recovered and fixes the rate of interest."

Lavely v. Redheads, Inc., 2007 WL 5267679, at *6 (citations omitted); Todtman, Nachamie,

Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 457 (S.D.N.Y. 2007) ("Because an account

stated claim is essentially a type of breach of contract, the C.P.L.R. mandates both the award of

prejudgment interest and its rate."); Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638 F.

Supp. 714, 721 (S.D.N.Y. 1986) ("Under NY CPLR § 5001, interest shall be recovered upon a

sum awarded because of a breach of a performance of a contract. This section applies both to an

action for quantum meruit and an action on an account stated. (citations and internal quotations

omitted); see also Emp'rs Ins. of Wausau v. Am. Centennial Ins. Co., No. 86 CIV. 8576 (KTD),

1989 WL 6631, at *2 (S.D.N.Y. Jan. 24, 1989) ("Prejudgment interest is recoverable under New

York law in cases of breach of contract and on an account stated, such as is at issue here." (citing

Printers II Inc. v. Prof'ls Publ'g, Inc., 615 F. Supp. 767, 774 (S.D.N.Y. 1985), aff'd, 784 F.2d

141 (2d Cir. 1986)).[5]

---

[5] New York Civil Practice Law and Rules § 5001 provides:

> **(a) Actions in which recoverable.** Interest shall be recovered upon a sum
> awarded because of a breach of performance of a contract, or because of an act or
> omission depriving or otherwise interfering with title to, or possession or
> enjoyment of, property, except that in an action of an equitable nature, interest
> and the rate and date from which it shall be computed shall be in the court's
> discretion.

8

**B.     Analysis**

Purolite does not address the applicable case law, but simply argues that NERA is not entitled to pre-judgment interest because the Court did not address this relief in its March 10, 2011 Memorandum Opinion and Order granting NERA summary judgment on its account stated claim. (June 1, 2011 Def. Ltr. at 2) This is nonsense. This Court's summary judgment decision reflects a determination on liability. That decision does not reference damages and is not a final judgment. This Court was not required to reference pre-judgment interest in its summary judgment opinion on liability.

Because the applicable case law supports NERA's application for pre-judgment interest on its account stated claim, see Todtman, Nachamie, 241 F.R.D. at 457 ("Because an account stated claim is essentially a type of breach of contract, the C.P.L.R. mandates both the award of prejudgment interest and its rate."), the judgment entered in this case will reflect an award for pre-judgment interest.

---

**(b) Date from which computed.** Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

C.P.L.R. § 5001.

## CONCLUSION

For the reasons stated above, Plaintiff's application to dismiss its breach of contract and quantum meruit claims without prejudice is denied, and those claims are hereby dismissed with prejudice.

The Clerk of the Court is directed to enter judgment on Plaintiff's third claim for relief – account stated – in the amount of $138,014.28. This amount reflects the principal amount of $101,885.77, plus pre-judgment interest in the amount of $36,128.51 through July 20, 2011. An additional $25.12 in pre-judgment interest should be applied for each day thereafter until judgment is entered.

Dated: New York, New York
       January 17, 2012

SO ORDERED.

Paul G. Gardephe
United States District Judge

10